## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| BARNEY L. MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 18-cv-1948 |
| v. | ) | |
| | ) | JURY DEMANDED |
| | ) | |
| OFFICE OF THE CHIEF JUDGE OF | ) | |
| THE CIRCUIT COURT OF COOK | ) | |
| COUNTY, and COUNTY OF COOK, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, BARNEY L. MOORE, by counsel, Moor Law Office, P.C., complaining of the OFFICE OF THE CHIEF JUDGE OF THE CIRCUIT COURT OF COOK COUNTY and the COIUNTY of COOK, states as follows for his Complaint at Law:

1.      This is an action for disability discrimination brought to secure relief, legal and equitable, brought pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. ("ADA"), and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* The jurisdiction of this Court is invoked to secure protection of, and to redress deprivation of, rights guaranteed by federal law, which rights provide for injunctive and compensatory relief for illegal discrimination in employment.

## Jurisdiction and Venue

2.      Jurisdiction over this case is conferred on the Court by 28 U.S.C. § 1331, 42 U.S.C. § 12117, and 29 U.S.C. § 2617. The Office of the Chief Judge of the Circuit Court of Cook County and Cook County, Illinois are "persons" within the meaning of the Americans With Disabilities

Act ("ADA"), 42 U.S.C. § 12111(7), and within the meaning of the Family Medical Leave act, ("FMLA"), 29 U.S.C. § 2611.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in the District and the unlawful employment practices alleged herein were committed in the District.

4.      On or about January 2, 2017, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), under Charge No. 846-2017-07490.  The charge alleged disability discrimination against the Juvenile Temporary Detention Center.  The Charge sought compensatory and injunctive relief. (Ex. A, EEOC Charge).

5.      On December 19, 2017, the EEOC closed its investigation and gave Plaintiff his right to sue letter.  (Ex. B, Right to Sue letter).

6.      Plaintiff files this civil suit within 90 days of his receipt of the notice from the EEOC of his right to sue.

## Parties

7.      Plaintiff Barney L. Moore ("Plaintiff") currently resides, and at all relevant times alleged herein resided, in the City of Chicago.  Plaintiff is an adult male.

8.      Plaintiff at all relevant times was an eligible employee within the meaning of 29 U.S.C. § 2611(2) when he applied for and/or used FMLA leave because at the times that he requested and/or used FMLA leave he had been employed at the Cook County Juvenile Detention Center ("JTDC") for twelve months and had worked more than 1,250 hours.

9.      Plaintiff at all relevant times was a qualified individual with a disability within the meaning of 42 U.S.C. § 12112, having been employed by Defendant between February 2015 and

April 2017 with a known disability, while being qualified to perform the essential functions of his job.

10.     The Office of the Chief Judge of the Circuit Court of Cook County ("OCJ") is a governmental entity charged by Illinois statute, 55 ILCS 75/3, with administering and operating the Cook County Juvenile Temporary Detention Center ("JTDC").   It is an "employer" within the meaning of 29 U.S.C. § 2611(4) because it employed 50 or more persons for each working day at all relevant times, and is an employer within the meaning of 42 U.S.C. § 12101, *et seq.*

11.     Cook County is a county organized under the laws of the State of Illinois.

12.     The JTDC is an agency of Cook County, and Cook County is responsible for the policies and practices implemented at the JTDC and/or is responsible to indemnify the OCJ for its supervision of employment practices relative to JTDC staff.

<u>**General Allegations**</u>

13.     Plaintiff was hired in February 2015 as a custodian at the Cook County Juvenile Temporary Detention Center.

14.     After several months of initial training, Plaintiff was assigned to work the third shift.

15.     Plaintiff complained to his employer that he was unable to work the night shift stating that it was having adverse health consequences.

16.     His supervisor, Alisa Swain, the Environmental Services Director, told Plaintiff to submit "FMLA" paperwork to request an accommodation.

17.     On or about October 21, 2016, Plaintiff submitted "FMLA" paperwork containing a doctor's opinion that his low back pain and left shoulder strain were worsened by working the night shift and requesting placement on the day shift.

18.     On or about November 22, 2016 Plaintiff was reassigned to the day shift as an accommodation to his serious medical need.

19.     On November 24, 2016, Alisa Swain instructed Plaintiff that when he reported to work on the first shift that "FMLA benefit hours" would be deducted from his "eligible bank of FMLA hours."

20.     It was illegal for the Defendants to deduct FMLA time from the Plaintiff's bank of FMLA hours when he worked the day shift pursuant to an ADA accommodation, an accommodation which the Defendants improperly termed an "FMLA accommodation."

21.     On February 7, 2017 human resources manager Alsera Hayes wrote the Plaintiff that he had exhausted his 480 hours of FMLA time, even though the Plaintiff had only taken a handful of sick days since starting work.

22.     The statement that the Plaintiff had exhausted his FMLA hours was false and was based on improperly counting hours that the Plaintiff had worked the day shift pursuant to his ADA accommodation as FMLA leave time.

23.     On February 14, 2017, Plaintiff was instructed to resume working the night shift even though his doctor had provided evidence that the night shift was deleterious to Plaintiff's health and Plaintiff was able to work the day shift.

24.     On February 24, 2017, Alsera Hayes told the Plaintiff that his FMLA leave was exhausted, that he could no longer be accommodated on the first shift, and that he had to have a doctor's release to return to work on the third shift.

25.     On or about March 24, 2017 Plaintiff was written up for taking sick days on February 13 and 18, when he had no sick days left and, allegedly, had exhausted his FMLA.

26.     Plaintiff had not exhausted his FMLA in February 2017.

4

27.     Nevertheless, on April 26, 2017, Plaintiff was terminated for taking sick days on February 13 and 18 when he had no sick days left and, allegedly, had exhausted his FMLA.

## COUNT I –
## FMLA INTERFERENCE

28.     Plaintiff incorporates by reference paragraph 1 through 27, inclusive, as if fully set forth in Count I.

29.     In the period of November 2016 through February 2017, the Plaintiff had applied for, was approved for, and was entitled to FMLA intermittent leave to occasionally take a day off when too sick to attend work due to his serious medical condition.

30.     When the Defendants accommodated the Plaintiff under the ADA by assigning him to work the day shift in November 2016, they also improperly and illegally deducted hours from Plaintiff's "bank" of FMLA hours between November 2016 and February 2017.

31.     In March 2017 the Defendants improperly disciplined Plaintiff for taking sick days even though he had FMLA time and had been approved for intermittent FMLA leave though September 2017.

32.     The Defendants interfered with the Plaintiff's use of FMLA leave.

33.     As a proximate result of the Defendants' illegal indifference to his federally protected rights, Plaintiff has suffered anxiety, emotional distress, physical illness, damage to his reputation, loss of income, and loss of enjoyment of the ordinary pleasures of life.

WHEREFORE, Plaintiff, BARNEY L. MOORE, by counsel, respectfully prays that this Court provide the following remedies:

a.      Award Plaintiff lost wages, including back pay, front pay, and lost fringe benefits and pension, including, without limitation, any lost benefits and pension amounts with applicable prejudgment and statutory interest;

b.     Order that Plaintiff be reinstated;

c.     Award Plaintiff the costs of litigation, including reasonable attorney's fees, expert fees and expenses;

d.     Award compensatory damages;

e.     Award liquidated damages; and

f.     Award any other relief that this Court deems just.

Plaintiff demands trial by jury.

## COUNT II –
## FMLA RETALIATION

34.     Plaintiff incorporates by reference paragraph 1 through 33, inclusive, as if fully set forth in Count II.

35.     In the period of November 2016 through April 2017, the Plaintiff was entitled to FMLA intermittent leave to attend doctor appointments and occasionally take a day off when too sick to attend work due to his serious medical condition.

36.     On multiple instances between November 2016 and April 2017 the Plaintiff gave notice that he needed a day off due to his medical condition.

37.     The Defendants nonetheless marked him as tardy or absent in violation of the FMLA and terminated for him for his alleged unexcused absences.

38.     The Defendants told the Plaintiff that he had no right to take time off work even though Plaintiff had worked more than 1250 hours in the twelve months preceding the requests and had not used the majority of the 480 hours leave available to him in the year prior to his termination on April 26, 2017.

39.     The Defendants terminated the Plaintiff because he had asked for additional medical leave in 2017 under the FMLA, leave that he had applied for, been approved for, and was entitled to take to take.

40.     As a proximate result of the Defendants' illegal indifference to his federally protected rights, Plaintiff has suffered anxiety, emotional distress, physical illness, damage to his reputation, loss of income, and loss of enjoyment of the ordinary pleasures of life.

WHEREFORE, Plaintiff, BARNEY L. MOORE, by counsel, respectfully prays that this Court provide the following remedies:

a.      Award Plaintiff lost wages, including back pay, front pay, and lost fringe benefits and pension, including, without limitation, any lost benefits and pension amounts with applicable prejudgment and statutory interest;

b.      Order that Plaintiff be reinstated;

c.      Award Plaintiff the costs of litigation, including reasonable attorney's fees, expert fees and expenses;

d.      Award compensatory damages;

e.      Award liquidated damages; and

f.      Award any other relief that this Court deems just.

Plaintiff demands trial by jury.

## COUNT III –
## ADA DISCRIMINATION

41.     Plaintiff incorporates by reference paragraph 1 through 27, inclusive, as if fully set forth in Count III.

42.     Though by November 22, 2016 the Defendants had agreed to allow the Plaintiff to work the day shift to accommodate his serious medical need, and though the Plaintiff was able to

perform the essential functions of his position on the day shift, the Defendant refused to honor the accommodation past February 14, 2017 and ordered him back to the night shift telling him that his "FMLA leave" was exhausted.

43.     In accommodating the Plaintiff, the Defendants had illegally charged the Plaintiff FMLA leave time when he was working days in accordance with the accommodation he had requested.

44.     Plaintiff was a disabled person at all relevant times within the meaning of the ADA.

45.     Plaintiff was qualified to perform the essential functions of his position with accommodation.

46.     Defendants failed to afford Plaintiff a reasonable accommodation.

47.     As a proximate result of Defendants' illegal indifference to his federally protected rights, Plaintiff has suffered anxiety, emotional distress, physical illness, damage to his reputation, loss of income, and loss of enjoyment of the ordinary pleasures of life.

WHEREFORE, Plaintiff, BARNEY L. MOORE, by counsel, respectfully prays that this Court provide the following remedies:

a.     Award Plaintiff lost wages, including back pay, front pay, and lost fringe benefits and pension, including, without limitation, any lost benefits and pension amounts with applicable prejudgment and statutory interest;

b.     Order that Plaintiff be reinstated;

c.     Award Plaintiff the costs of litigation, including reasonable attorney's fees, expert fees and expenses;

d.     Award compensatory damages;

e.     Award punitive damages; and

8

f.      Award any other relief that this Court deems just.

Plaintiff demands trial by jury.


/s/ Edward R. Moor
Attorney for Plaintiff



MOOR LAW OFFICE, P.C.
One North LaSalle Street, Suite 600
Chicago, Illinois 60602
312-726-6207
erm@moorlaw.net

**EXHIBIT A –**

**EEOC Charge**

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| [ ] FEPA | |
| [X] EEOC | 846-2017-07490 |

**Illinois Department Of Human Rights** and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Mr. Barney Moore** | **(773) 732-7195** | **1964** |

Street Address                                        City, State and ZIP Code

**253 West Swann St., Chicago, IL 60609**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **JUVENILE TEMPORARY DETENTION CENTER** | **500 or More** | **(312) 738-8200** |

Street Address                                        City, State and ZIP Code

**1100 S. Hamilton Ave, Chicago, IL 60612**

RECEIVED EEOC

JAN 04 2017

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

Street Address                                        City, State and ZIP Code

CHICAGO DISTRICT OFFICE

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

[ ] RACE   [ ] COLOR   [ ] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN

[ ] RETALIATION   [ ] AGE   [X] DISABILITY   [ ] GENETIC INFORMATION

[ ] OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest                Latest
                        **12-21-2016**

[X] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**I was hired by Respondent on or about February 21, 2015. My most current position is Housekeeping/Custodian. Respondent was aware of my disability. During my employment, I have been subjected to harassment due to my use of medical leave. On or about December 8, 2016 I was suspended.**

**I believe I have been discriminated against because of my disability, in violation of the Americans with Disabilities Act of 1990, as amended.**

OMAR G. SIERRA
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
January 13, 2019

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| x 1/2/2017   x *Barney Moore*  |  |
| Date        Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* January 2, 2017 |

# EXHIBIT B –

# Right to Sue Letter

EEOC Form 161 (11/16)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Barney Moore<br>253 West Swann St.<br>Chicago, IL 60609 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|---|---|

|  | ☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) | | |
|---|---|---|---|
| EEOC Charge No. | EEOC Representative<br>**Shuwn Hayes,**<br>**Investigator** | | Telephone No. |
| **846-2017-07490** | | | **(312) 869-8036** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Julianne Bowman*     12/19/17

**Julianne Bowman,**
**District Director**

     (Date Mailed)

Enclosures(s)

cc:   **Cook County Juvenile Temporary Detention Center**
**c/o Zenaida Alonzo**
**General Counsel**
**1100 S. Hamilton**
**Chicago, IL 60612**